ROBERT H. GRIFFITH (*pro hac vice* application forthcoming)
  rgriffith@foley.com
ANNE-LOUISE T. MITTAL (*pro hac vice* application forthcoming)
  amittal@foley.com
JASON Y. WU, CA Bar No. 313368
  jwu@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET
SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE:  415.434.4484
FACSIMILE:   415.434.4507

Attorneys for Defendant SLM PRIVATE
EDUCATION STUDENT LOAN TRUST
2011-A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ALVARO JIMENEZ, an individual, | Case No. 4:17-cv-01624-KAW |
| Plaintiff, | **DEFENDANT SLM PRIVATE EDUCATION STUDENT LOAN TRUST 2011-A'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| SLM PRIVATE EDUCATION STUDENT LOAN TRUST 2011-A; LAW OFFICES OF HARRIS & ZIDE, a California Unincorporated Association, and FLINT C. ZIDE, individually and in his official capacity, and DOES 1 through 10, inclusive, | Judge:  Kandis A. Westmore |
| Defendants. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant SLM Private Education Student Loan Trust 2011-A (SLM) will and hereby does move the Court, pursuant to Fed. R. Civ. P. 12(b)(4), (5), and (6), for an order dismissing Plaintiff's claims against SLM.  This motion is based on this notice of motion, the accompanying memorandum of points and authorities, all papers and pleadings on file in this action, such other evidence and argument as may be presented at or before any hearing on this motion, and all matters of which the Court may take judicial notice.

DATED:  August 2, 2017

**FOLEY & LARDNER LLP**
Jason Y. Wu


/s/ Jason Y. Wu
Jason Y. Wu
Attorneys for Defendant SLM PRIVATE
EDUCATION STUDENT LOAN TRUST
2011-A

## <u>MEMORANDUM OF POINTS OF AUTHORITIES</u>

Plaintiff Alvaro Jimenez (Jimenez) claims that SLM violated various provisions of California's Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), Cal. Civ. Code § 1788 et seq., by filing a debt-collection action against Jimenez in California state court. Jimenez's claims against SLM should be dismissed for at least two reasons. First, dismissal is warranted under Fed. R. Civ. P. 12(b)(4) and (5) for insufficient process and service of process because Jimenez has sued SLM, which is a trust that lacks capacity to be sued under California law, and attempted to serve process on Navient Solutions, LLC (NSL), which is not a party to this action. Second, the complaint does not state a plausible claim for relief, or even provide adequate notice to SLM of the claims that Jimenez attempts to assert against it, because the complaint is devoid of factual allegations supporting Jimenez's claims. For both of these reasons, the claims against SLM should be dismissed.

## I.    <u>STATEMENT OF FACTS</u>

On March 24, 2017, Jimenez filed a complaint in the Northern District of California naming 13 defendants: SLM, the Law Offices of Harris & Zide (H&Z), Mr. Flint C. Zide (Zide), and 10 unnamed individuals (Does 1-10). (Dkt. 1.) The complaint alleges that, by filing a debt-collection action against Jimenez in state court, defendants H&Z and Zide violated various provisions of the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and defendants SLM and H&Z violated California's Rosenthal Act. (*See id.*, ¶ 1.) Although Jimenez alleges that SLM is a trust, the complaint does not name the trustee, administrator, or executor of SLM as a defendant. (*See id.*, ¶ 9.)

According to the allegations in the complaint, Jimenez co-signed or guaranteed a consumer credit account in 2008 that was eventually "transferred by the original creditor and later claimed" by SLM, which in turn "consigned, placed or otherwise assigned" it to H&Z and Zide for collection. (*Id.*, ¶¶ 16-18.) On March 24, 2016, H&Z and Zide filed a common-counts action on behalf of SLM in California state court. (*Id.*, ¶ 19.) The action sought to recover $10,768.50 from Jimenez as co-signer on the consumer credit account, plus costs. (*Id.*) Jimenez alleges that, by filing and maintaining the state-court action, the defendants violated various provisions of the FDCPA and the Rosenthal Act because the state-court complaint "misrepresented the character, amount and legal status of the alleged debt." (*Id.*, ¶ 22.) With respect to SLM and H&Z, Jimenez claims that "Defendants SLM and H&Z

violated the RFDCPA, California Civil Code §§ 1788.13(e) and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices." (*Id*., ¶ 47.)  In his prayer for relief, he further claims that SLM and H&Z violated §§ 1788.13(i), 1788.14(b), 1788.15(a), and 1788.18(b) of the Act.[1]  (*Id*., ¶ c, at 12.)

Jimenez bases these claims on the following factual allegations:  "SLM cannot prove standing to sue on the alleged debt," "the amount sued for is higher than the amount owed," and "SLM was barred from bringing an action against plaintiff pursuant to the provisions of Code of Civil Procedure section 1799.95 because the co-signor disclosures did not comply with section 1799.91," which requires certain types of disclosures to be in both English and Spanish and in size 10-point font or larger.  (*Id*., ¶ 22.) Jimenez further alleges that the defendants' misconduct also included "filing and maintaining the lawsuit in an attempt to collect a time-barred debt" and "seeking to collect a debt which [SLM][2] did not have the right to collect."  (*Id*., ¶ 28.)  Finally, Jimenez alleges that the defendants "engag[ed] in a pattern of harassing phone calls against plaintiff after having been told to stop and after having been informed that plaintiff was represented by an attorney."  (*Id*., ¶ 47(d).)

After filing his complaint at the end of March 2017, Jimenez did not attempt to effect service of process on any of the defendants until the end of June 2017, after the Court issued an order requiring him to show cause for failing to comply with the requirement of Fed. R. Civ. P. 4(m) that service be accomplished within 90 days after the complaint is filed.  (Dkt. 6.)  On June 28, 2017, Jimenez served a copy of the summons and complaint on "Corporation Service Company as Agent for Service of Process for Navient Solutions, LLC, Servicer and Administrator of SLM Private Education Student Loan Trust 2011-A."  (Dkt. 8-9.)

## II.   ARGUMENT

### A.   THE COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(4) AND (5) FOR INSUFFICIENT PROCESS AND SERVICE OF PROCESS.

Rules 12(b)(4) and (5) allow dismissal of an action for insufficient service of process, which

---

[1] Jimenez does not bring any claims against SLM under the FDCPA.
[2] Jimenez's reference in paragraph 28 of the complaint to "NTC" appears to be an error, as the name does not refer to any party to this action.

SLM Motion to Dismiss

-4-

Case No. 4:17-cv-01624-KAW

deprives the court of jurisdiction over the defendants. *Justice v. Albertsons Corp.*, No. 11–CV–2253–H (BLM), 2012 WL 355031, at *3 (S.D. Cal. Feb. 2, 2012). "Rule 12(b)(4) enables the defendant to attack the form of the proof of service, and Rule 12(b)(5) enables the defendant to attack the manner in which service was attempted." *Id*. Once service of process has been challenged, the plaintiff bears the burden of proving that service was proper under Rule 4. *Id*. Although the rules governing service of process are generally construed liberally, even actual notice to the defendant is not enough to establish jurisdiction "without substantial compliance" with these rules. *Life360, Inc. v. Advanced Ground Info. Sys., Inc*., No. 15–cv–00151–BLF, 2015 WL 5612008, at *8 (N.D. Cal. Sept. 21, 2015).

A complaint that names the wrong defendant is subject to dismissal under both Rule 12(b)(4) and (5). *See Wasson v. Riverside Cnty.*, 237 F.R.D. 423, 424 (C.D. Cal. 2006). Under Rule 12(b)(4), the form of process can be challenged "on the theory that the summons does not properly contain the names of the parties"; under Rule 12(b)(5), the complaint may be dismissed "on the ground that the wrong party—that is, a party not named in the summons—has been served." *Id*. (quoting 5A Wright & Miller, *Federal Practice & Procedure*, § 1353, at 334-35 (3d ed. 2004)).

Here, the complaint improperly names SLM, which is a trust, as a defendant. "In California, a trust is not a legal entity and has no capacity to sue or be sued." *Green v. Central Mortgage Co*., 148 F. Supp. 3d 852, 864 (N.D. Cal. 2015); *see also* Fed. R. Civ. P. 17(b)(3) (providing that the capacity of an entity other than a corporation to sue or be sued is determined "by the law of the state where the court is located"). Accordingly, an action seeking recovery from a trust must name the trustee, administrator, or executor of the trust as the defendant, not the trust itself. *Green*, 148 F. Supp. 3d at 864. Because neither the summons nor the complaint names SLM's trustee, administrator, or executor as a defendant, the summons "does not properly contain the names of the parties." *See* Fed. R. Civ. P. 4(a)(1)(A) ("A summons must … name the court and the parties … ."); *Cmty. for a Better Env't, et al. v. CENCO Refining Co., et al*., No. CV 00-5665 AHM (AIJx), 2001 U.S. Dist. LEXIS 19113, at *24 (C.D. Cal. Oct. 23, 2001) (holding that service was inadequate because "the summons and complaint named only [the trust]").

Moreover, service of the summons and complaint on NSL, alleged by Jimenez to be SLM's administrator, was improper because neither document names NSL as a defendant. *See Wasson*, 237

SLM Motion to Dismiss
Case No. 4:17-cv-01624-KAW

F.R.D. at 424 n.2 ("[M]erely serving a complaint on a nonparty does not make the nonparty a party.");
*Saykin v. Donald W. Wyatt Detention Cntr.*, No. C.A. 07–182ML, 2008 WL 2128059, at *2 (D.R.I. May 20, 2008) ("Since neither [movants'] name is included as a party in the summons and complaint … the motion to dismiss pursuant to Rule 12(b)(5) is valid."). Jimenez has, therefore, failed to substantially comply with the rules governing the form and issuance of process, and his complaint should be dismissed. *Wasson*, 237 F.R.D. at 424 (holding that a summons and complaint served on a nonparty failed "to even minimally comply" with the rules governing the form and service of process).

### B.   DISMISSAL IS ALSO WARRANTED UNDER FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

"A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory." *Glaser v. Nationstar Mortg., LLC*, No. 16-cv-07245-LB, 2017 WL 1861850, at *3 (N.D. Cal. May 9, 2017). To be sufficient, the factual allegations in a complaint must provide the defendant with fair notice of the claims against it and "state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Jimenez's complaint does not meet either of these requirements and should, therefore, be dismissed.

With respect to notice, a complaint that "group[s] multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them and the grounds for relief." *Yu v. Design Learned, Inc.*, No.15-cv-05345-LB, 2016 WL 1621704, at *4 (N.D. Cal. Apr. 22, 2016). Jimenez's complaint does exactly this. It alleges that "Defendants SLM and H&Z" violated §§ 1788.13(e) and 1788.17 "by making false and misleading representations, and engaging in unfair and abusive practices." (Dkt. 1, ¶ 47.) Later in the complaint, Jimenez similarly alleges that "Defendants SLM and H&Z" violated §§ 1788.13(i), 1788.14(b), 1788.15(a), 1788.17 and 1788.18(b) of the Act. (*Id.*, ¶ c, at 12.) These undifferentiated allegations provide no indication of what conduct the complaint attributes specifically to SLM and thus fails to provide adequate notice to SLM of the claims against it. *See Bravo v. Cnty. of San Diego*, No. C 12–06460 JSW, 2014 WL 555195, at *2 (N.D. Cal. Feb. 10, 2014) (holding that the complaint did not provide fair notice to the defendants because it "group[ed] all of the defendants together and fail[ed] to allege which defendants engaged in what

1    activity and when").

2        Jimenez's complaint also lacks well-pleaded factual allegations necessary to support a facially

3    plausible claim for relief under the Rosenthal Act. "A claim has facial plausibility when the plaintiff

4    pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

5    for the misconduct alleged." *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 957 (N.D.

6    Cal. 2015). If the complaint "makes only vague, conclusory statements" that merely "parrot back" the

7    language of the statute the defendant is alleged to have violated, it does not state a plausible claim for

8    relief. *O'Donovan v. CashCall, Inc.*, No. C 08–03174 MEJ, 2009 WL 1833990, at *11 (N.D. Cal. June

9    24, 2009).

10       A claim under the Rosenthal Act has four elements: (1) the plaintiff is a "consumer" within the

11   meaning of the Act; (2) the plaintiff was the "object of a collection activity arising from a 'debt'"; (3)

12   the defendant is a "debt collector"; and (4) the defendant violated a provision of the Act. *Lindblom v.*

13   *Santander Consumer USA, Inc*. No. 1:15-cv-990-LJO-BAM, 2016 WL 2841495, at *3 (E.D. Cal. May

14   9, 2016). Jimenez's complaint is devoid of any factual allegations that, if true, would establish that

15   SLM actually violated one or more provisions of the Rosenthal Act. With respect to four of the six

16   provisions of the Act that Jimenez invokes, (*see* Dkt. 1, ¶ c, at 12 (citing §§ 1788.13(i), 1788.14(b),

17   1788.15(a), and 1788.18(b))), he does nothing more than cite the provision itself, which is wholly

18   insufficient to state a plausible claim for relief. *See Taylor v. Pinnacle Credit Servs.*, LLC, No. C–10–

19   05164 JCS, 2011 WL 1303430, at *7 (N.D. Cal. Apr. 4, 2011) (dismissing claims under the FDCPA

20   where the plaintiff merely cited the various statutory provisions without providing any factual

21   allegations).

22       With respect to the other two provisions of the Rosenthal Act that Jimenez cites, §§ 1788.13(e)

23   and 1788.18, he alleges that SLM and H&Z violated these provisions by engaging in the following

24   conduct:

25               a. making and using false, deceptive, and misleading representations in an

26               attempt to collect the alleged debt, in violation of Civil Code § 1788.17;

27               b. misrepresenting the character, amount or legal status of the alleged debt,

28               in violation of Civil Code § 1788.17;

SLM Motion to Dismiss
-7-    Case No. 4:17-cv-01624-KAW

c. attempting to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of Civil Code §§ 1788.13(e) and 1788.17;

d. engaging in a pattern of harassing telephone calls against plaintiff after having been told to stop and after having been informed that plaintiff was represented by an attorney[.]

(Dkt. 1, ¶ 47.)  These allegations merely parrot the language of the Rosenthal Act and the provisions of the FDCPA that § 1788.17 incorporates.  *See* 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."); § 1692e(2)(A) (prohibiting "[t]he false representation of …the character, amount, or legal status of any debt"); § 1692e(5) (prohibiting "[t]he threat to take any action that cannot legally be taken"); Cal. Civ. Code § 1788.11(e) (prohibiting "communicat[ion] by telephone … with such frequency as to be unreasonable and to constitute an harassment of the debtor under the circumstances"); § 1788.14(c) (prohibiting communications with the debtor "when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney").  Accordingly, they are legal conclusions that do not state a plausible claim for relief.  *See Colbert v. Sage Point Lender Servs., LLC*, No. 1:14-CV-01626-LJO, 2014 WL 7409291, at *5 (E.D. Cal. Dec. 30, 2014) (dismissing the complaint for failure to state a claim because the plaintiffs alleged only that "the Defendants violated the Rosenthal Act by 'misrepresenting the status of the debt;' 'using unfair and unconscionable means to collect or attempt to collect a debt;' and 'using deceptive means to collect or attempt to collect a debt from the plaintiff'").

The allegations that SLM violated the Rosenthal Act by bringing a debt-collection action that was time-barred, for an amount greater than what was owed, and prohibited by California law (Dkt. 1, ¶¶ 22, 28) are similarly deficient.  Although these allegations do slightly more than simply recite the language of the Act, they are nonetheless too vague and conclusory to state a plausible claim for relief or provide SLM with adequate notice of the claims against it.  *See Tonnesen v. Legal Recovery Law Offices, Inc.*, No. 2:12-CV-02255-JAM, 2012 WL 5932789, at *1 (E.D. Cal. Nov. 27, 2012) (dismissing the complaint because, even "[w]here the allegations are not copied directly from the statutory text, they

contain little if any detail specific to Plaintiff's claims"). First, the allegation that SLM's state-court action was time-barred and sought an amount greater than what was owed is "essentially 'a legal conclusion couched as a factual allegation,'" which the Court need not accept as true without some facts to render it plausible. *Id.* The complaint provides no indication of when Jimenez believes the statute of limitations ran on a claim to recover the amount owed on the consumer credit account that he co-signed or what amount Jimenez believes was actually owed. *See Velazquez v. Arrow Fin. Servs. LLC*, No. 08CV1915H(NLS), 2009 WL 2780372, at *2 (S.D. Cal. Aug. 31, 2009) ("Plaintiff alleges that Defendant sought to collect a debt not actually owed, but fails to substantiate these allegations with something more than conclusory allegations not entitled to the assumption of truth.").

Second, Jimenez has not pleaded facts sufficient to give rise to a plausible claim that SLM's state-court action was prohibited by California law. It is true that § 1799.91(a) of the California Civil Code requires certain co-signor disclosures to be written in size 10-point font or larger and provided in both English and Spanish. It is also true that § 1799.95 prohibits most collection actions if a co-signor has not received the requisite notice under § 1799.91. However, both of these provisions are subject to limitations, and Jimenez has not pleaded enough facts to plausibly allege that the statute applies to the credit transaction at issue in his complaint. Specifically, § 1799.91(a)'s requirements do not apply when a creditor and co-signor are married to each other, but Jimenez's complaint is devoid of any factual allegations regarding his relationship to the individual whose consumer credit account he co-signed. Indeed, the complaint gives no indication whatsoever of who the borrower was or for what purpose the credit was issued. Similarly, § 1799.95 only prohibits collection actions if the co-signor "d[id] not in fact receive any of the money, property or services which are the subject matter of the consumer credit contract." Again, Jimenez has failed to plead facts that would allow the Court to evaluate whether this exclusion is applicable.

"This kind of background information is important because both the FDCPA and the Rosenthal Act contain enumerated exceptions and apply only to certain entities depending on their relation to the origination of the debt." *Tonnesen*, 2012 WL 5932789, at *1. Without this information, Jimenez's claims do not cross the threshold from mere possibility to plausibility of entitlement to relief. *See id.* (dismissing claims brought under the FDCPA and Rosenthal Act because the complaint provided "no

indication as to the nature of the debt, whether or not the debt is valid, the alleged origination of the debt, or the original holder of the debt," all of which was required for the court to determine whether one of the FDCPA's or Rosenthal Act's enumerated exceptions applied).

Finally, Jimenez's assertion "that SLM cannot prove standing to sue on the alleged debt" (Dkt. 1, ¶ 22) does not state a claim for relief under the Rosenthal Act as a matter of law.  As an initial matter, the assertion suffers from the same deficiencies discussed above:  It is, essentially, a legal conclusion couched as a factual allegation, which the Court need not accept as true for purposes of this motion to dismiss, and it fails to provide adequate notice to SLM of the basis for the claims against it.  But even setting aside these shortcomings, the allegations do not state a viable claim for relief.  Assuming Jimenez's standing argument rests on the fact that SLM is a trust that lacks the capacity to sue or be sued in its own name under California law, that deficiency in the state-court action could easily have been cured by substituting the trustee, administrator, or executor of SLM as the named plaintiff and real party in interest, had Jimenez raised the issue.  Because the alleged deficiency could have been cured, it does not, as a matter of law, constitute a "threat to take legal action that cannot legally be taken" in violation of § 1692e(5).  *See Taylow v. Quall*, 471 F. Supp. 2d 1053, 1062 (C.D. Cal. 2007) (holding that defendant's filing of a collection action without having first complied with California law requiring an entity with a fictitious business name to register that name with the state was not a violation of § 1692e(5) because "any alleged deficiency in the filing of a collection action … could have been easily remedied").

When all of the shortcomings of Jimenez's complaint are considered together, "it is clear that the entire complaint amounts to a collection of barebones and conclusory allegations that do not meet the applicable pleading standards."  *Tonnesen*, 2012 WL 5932789, at *2.  The Court should, therefore, dismiss the claims against SLM pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *See id*. (dismissing the plaintiff's FDCPA and Rosenthal Act claims because the complaint lacked enough factual allegations to allow those claims to "stand alone and show entitlement to relief by their own terms").

## III.   **CONCLUSION**

For the foregoing reasons, the Court should dismiss the claims against SLM either for

SLM Motion to Dismiss

1   insufficient process and service of process under Fed. R. Civ. P. 12(b)(4) and (5), or pursuant to Fed. R.

2   Civ. P. 12(b)(6) because Jimenez has failed to state a plausible claim for relief.

3

4
                                        **FOLEY & LARDNER LLP**
5   DATED:  August 2, 2017

6

7                                        /s/ Jason Y. Wu
                                         _____
8                                        Jason Y. Wu
                                         Attorneys for Defendant SLM PRIVATE
9                                        EDUCATION STUDENT LOAN TRUST
                                         2011-A
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28