James A. Michel
State Bar No. 184730
2912 Diamond St. #373
San Francisco CA 94131
415/ 239-4949
(Fax 239-0156)
attyjmichel@gmail.com

Attorney for Plaintiff
ALVARO JIMENEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ALVARO JIMENEZ, an individual, | Case No. 4:17-cv-01624-KAW |
| Plaintiff, | |
| v. | PLAINTIFF'S RESPONSE IN OPPOSITION TO RULE 12 MOTION TO DISMISS FILED BY DEFENDANT SLM PRIVATE EDUCATION STUDENT LOAN TRUST 2011-A |
| SLM PRIVATE EDUCATION STUDENT LOAN TRUST 2011-A; LAW OFFICES OF HARRIS & ZIDE, a California Unincorporated Association; and FLINT C. ZIDE, individually and in his official capacity; and DOES 1 through 10, inclusive, | |
| | Date : 09/21/2017 Time: 11:00 a.m. Loc'n: 1301 Clay St., Oakland CA Judge: Kandis A. Westmore |
| Defendants. | |
| _____/ | |

Plaintiff ALVARO JIMENEZ, by and through his attorney, James A. Michel,

respectfully submits this Response Memorandum of Points and Authorities in

opposition to the Rule 12 motion to dismiss plaintiff's complaint,  filed by

Defendant SLM PRIVATE EDUCATION STUDENT LOAN TRUST 2011-A:

## I.    INTRODUCTION

Defendants' motion to dismiss is based on grounds that the Complaint

should be dismissed for insufficient process and service of process (Fed. Rules Civ.

Proc., Rule 12, subd. (b)(4) and (5)) and that it fails to state a claim upon which

relief can be granted (Fed. Rules Civ. Proc., Rule 12, subd. (b)(6)). Defendants thus

first request that the court dismiss for lack of jurisdiction and then ask that the Court address the merits of the case.

Defendant's arguments as to jurisdiction (Rule 12, subds. (b)(4) & (5)) are without merit as plaintiff will show that defendant is a Delaware Statutory Trust and can be sued in its own name. Plaintiff hopes to have obtained an order from the Court extending the time to serve SLM because plaintiff has finally found the service address for SLM's registered agent for service of process, as shown in plaintiff's administrative motion to extend time, filed 8/4/2017 (Doc# 28).

Defendant's arguments as to the merits are strange given the litigation which has already taken place between the parties. Defendant SLM has produced documents in the underlying state court litigation which contain the bases for plaintiff's allegations. This opposition will show that by reference to the lawsuit filed by SLM in state court, plaintiff's complaint has provided the factual frame of reference to provide SLM with fair notice of the claims against it and to "state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.   LAW AND ARGUMENT

### A.   The Summons and Complaint Name the Correct Party

Defendant argues that SLM is an express trust and does not have capacity to be sued, but that its trustee must be named as a party.

On the contrary, public records show that SLM is a Delaware Statutory Trust (or "business trust") which is treated as a corporation under Delaware law and may sue and be sued in its own name. (*See* 12 Del. C. § 3804(a).) [1] California law has recognized the existence of this type of "business trust" in published decisions such

---

[1] Under the Delaware Act, a statutory trust may sue and be sued for debts, obligations or liabilities incurred by trustees or their agents, and for damages to persons or property resulting from their negligence in performance of their respective duties under the governing instrument of the trust. 12 Del. C. §3804(a).

as *Portico Management Group, LLC v. Harrison*, 202 Cal. App. 4th 464, 475 (2011) and *Jensen v. Hugh Evans & Co.*, 18 Cal.2d 290, 301-302 (1941).

Please see, attached to Declaration of James Michel in support of this Response, Exhibit C, which is a true copy of printout from the Delaware Secretary of State's website for the Division of Corporations from 8/4/2017, showing that SLM is a statutory trust under Delaware law and that its Registered Agent for Service of Process is identified as "BNY Mellon Trust of Delaware."

As a result, SLM may be served via its registered agent and a trustee need not be added as a party. As to the fact that SLM is named in this complaint with the word "Student" in it, whereas that word is not in the name shown in Delaware's public records, SLM has waived that argument by not raising it in its motion, perhaps by relying on Navient's misnaming the entity in its Monthly Servicing Report of April 2016. (See Exhibit B, attached to Declaration of James Michel, filed herewith.)

**B.     *Standard on Motion to Dismiss under Rule 12(b)(6)***

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant "`fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff's allegations must be accepted as true, the complaint must be read "as a whole," and all reasonable inferences must be drawn in plaintiff's favor. *Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1323 (2011). And "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atlantic v. Twombly*, *Ibid.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**C.     *The Complaint States A Cause of Action Under FDCPA***
**        *1. The Court Should Consider Documents Outside the Complaint for purposes of this Rule 12 motion***

Under certain circumstances, a court may consider material outside the complaint for purposes of a Rule 12 motion to dismiss. *Branch v. Tunnell* (9th Cir. 1994) 14 F.3d 449, 454. The complaint refers to certain documents which are in the possession of defendant SLM because they were produced to plaintiff in connection with the underlying state court litigation. As such, plaintiff is informed and believes that SLM will not contest the genuineness of the documents.

### 2. *Plaintiff States a Cause of Action by Alleging That SLM Cannot Substitute a Cause of Action for Common Counts Where it Supposedly Has Evidence of a Promissory Note*

In paragraph 20, plaintiff's complaint alleges that SLM has no cause of action in the underlying state court case because the existence of a promissory note precludes SLM's ability to proceed on a theory or common counts, such as open book account or account stated.

"An express contract, which defines the duties and liabilities of the parties, whether it be oral or written, is ***not***, as a rule, an open account." (*Durkin v. Durkin* (1955) 133 Cal.App.2d 283, 290 (emphasis added).)

Moreover, a creditor cannot create a debt by simply sending a statement and claiming it is an "account stated." In other words, the common counts cause of action does not create liability where no other indebtedness can be established. *Hemenover v. Lynip* (1930) 107 Cal.App. 356, 363.

As a result, SLM's state court case will be dismissed.

### 3. *Plaintiff States a Cause of Action by Alleging That SLM Cannot Prove the Right to Collect the Underlying Alleged Debt*

Paragraph 22 of plaintiff's complaint alleges several facts on information and belief which have been borne out by SLM's production of discovery responses in the state court case. For one, SLM has no documents to show that the alleged debt

to Sallie Mae was ever assigned to SLM. SLM does not even have documents to show who the original lender was, much less anything showing how the loan was ever assigned to SLM. See Exhibit G to the Declaration of James Michel in support of this Response, which is a true copy of the first page of a purported Promissory Note produced by SLM in the state court litigation. There is only a blank where the Lender should be identified.

See also SLM's response to Request for Production No. 5 in Exhibit D to the Declaration of James Michel. In response to a request for documents evidencing assignment (See Exh. E to Decl. of James Michel), SLM responded that it would provide copies of the promissory note, terms and conditions, and statement of account. SLM has no evidence of assignment.

### 4. Plaintiff States a Cause of Action for Failure To Comply with Cosignor Disclosure Requirements

Defendant SLM does not deny that plaintiff was not presented with adequate cosignor disclosures complying with applicable federal regulations and state statutes but instead suggests that plaintiff might have been married to the borrower which would defeat the cause of action.

This argument is shown to be absurd if one can consider the copy of the loan application which SLM provided to plaintiff in state court litigation, attached as Exhibit F to the Declaration of James Michel filed in support of this Response. SLM's own record shows that the Borrower, one Mario Jimenez, was a resident of the State of Florida and that plaintiff, a resident of the State of California, was a "relative" of the Borrower. Nowhere does it state that the Borrower and his cosigner were married.

Alternatively, should the complaint be found to inadequately inform SLM of the claims plaintiff is asserting, plaintiff prays for leave to amend so long as it is understood that SLM is requesting that plaintiff explain to SLM the contents of the documents it produced in state court.

PLTF'S RESPONSE IN OPP'N TO RULE 12 MOTION OF DEFT SLM

### III.   CONCLUSION

Defendant's objections to jurisdiction over the person should be overruled, and its motions under Rule 12, subds. (b)(4) & (5) should be DENIED, because public records show that SLM is a Delaware Statutory Trust and can be served via its registered agent, BNY Mellon Trust Company of Delaware. Plaintiff hopes that the Court will extend the time for plaintiff to serve SLM as a result of the administrative motion filed 8/4/2017.

As to SLM's motion pursuant to Rule 12, subd. (b)(4), that it has not been provided an adequate set of facts to understand how it violated fair debt collection statutes, the complaint already provides SLM with the factual nexus surrounding the deficiencies with its state court claims against plaintiff and that it does not have even a substantial compliance argument as to the cosigner disclosures. The motion to dismiss for failure to state a claim upon which relief can be granted should be DENIED.

Alternatively, plaintiff seeks leave to amend.


DATED: August 5, 2017                    _____/s/ James A. Michel_____
                                         JAMES A. MICHEL
                                         State Bar No. 184730
                                         2912 Diamond St #373
                                         San Francisco CA 94131
                                         Tel. # 415/ 239-4949
                                         Email: attyjmichel@gmail.com

                                         Attorney for Plaintiff
                                         ALVARO JIMENEZ

PLTF'S RESPONSE IN OPP'N TO RULE 12 MOTION OF DEFT SLM