United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO JIMENEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SLM PRIVATE EDUCATION STUDENT LOAN TRUST 2011-A, et al.,<br><br>    Defendants. | Case No. 17-cv-01624-KAW<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. Nos. 23, 28 |

On March 24, 2017, Plaintiff Alvaro Jimenez filed the instant suit against Defendants SLM Private Education Student Loan Trust 2011-A ("SLM"), Law Offices of Harris & Zide, and Flint C. Zide, alleging violations of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act. (Compl., Dkt. No. 1.) Plaintiff's claims are based on the filing of *SLM Private Education Student Loan Trust 2011-A v. Mario A. Jimenez*, Case No. CLJ 537908 in the Superior Court for the County of San Mateo, in which Defendant SLM was represented by Defendants Law Offices of Harris & Zide and Defendant Zide. (Compl. ¶ 19.) Plaintiff asserts that the *SLM v. Jimenez* complaint misrepresents the character, amount, and legal status of the debt, that Defendant SLM lacks standing to sue on the alleged debt, that the amount sued for is higher than the amount owed, and that SLM is barred from bringing an action pursuant to provisions regarding co-signor disclosures. (Compl. ¶ 22.)

On August 2, 2017, Defendant SLM filed a motion to dismiss the instant case. (Dkt. No. 23.) Defendant SLM argues that dismissal was warranted under Federal Rule of Civil Procedure 12(b)(4) and (5) because Defendant SLM was improperly named as a defendant, as "a trust is not a legal entity and has no capacity to sue or be sued" under California law. (*Id.* at 5 (internal quotation omitted).) Rather, Defendant SLM asserts that the action must name the trustee,

1  administrator, or executor of the trust as the defendant, not the trust itself. (*Id.*) In the alternative,

2  Defendant contends that dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6)

3  because Plaintiff failed to plead adequate facts to provide notice of his claim. (*Id.* at 6.)

4  On August 4, 2017, Plaintiff filed a motion to extend the time to serve Defendant SLM,

5  specifically to serve Defendant SLM's registered agent. (Dkt. No. 28.) Plaintiff also filed an

6  opposition to Defendant SLM's motion to dismiss, arguing that Defendant SLM is a Delaware

7  Statutory Trust that can be sued in its own name. (Dkt. No. 29 at 2-3.) With respect to Defendant

8  SLM's Rule 12(b)(6) argument, Plaintiff repeatedly refers to documents that were produced to

9  Plaintiff in connection with the underlying state court litigation. (*Id.* at 4-6.)

10  On August 7, 2017, Defendant SLM opposed Plaintiff's motion to extend time, on the

11  ground that its motion to dismiss was based on Defendant SLM not being a proper defendant, not

12  on the manner of service. (Dkt. No. 30.) Thus, an extension of time to serve was not necessary

13  because either Defendant SLM should be dismissed as an improper defendant, or Defendant SLM

14  was a proper party and had already been served. (*Id.* at 3.) That same day, Plaintiff filed a reply

15  in support of his motion to extend time, contending that Defendant SLM should not be permitted

16  to claim that it could not be sued without naming a trustee as a party defendant. (Dkt. No. 32 at 1-

17  2.)

18  Having reviewed the parties' briefing, the Court requires supplemental briefing on whether

19  Defendant SLM may sue or be sued in California. In *Portico Management Group, LLC v.*

20  *Harrison*, the California Court of Appeal explained that in general, "[a] trust cannot sue or be

21  sued," as "the trustee is the real party in interest with standing to sue and defendant on the trust's

22  behalf." 202 Cal. App. 4th 464, 473 (2011). The Court of Appeal, however, acknowledged that

23  there are particular trusts that general trust law does not apply to, such as an unincorporated

24  business or Massachusetts trust. *Id.* at 475. These business trusts were different from ordinary

25  trusts, as their object was "not to hold and conserve particular property, with incidental powers . . .

26  but to provide a medium for the conduct of business and sharing of its gains." *Id.*; *see also Thales*

27  *Alenia Space France. v. Thermo Funding Co.*, 989 F. Supp. 2d 287, 295 (S.D.N.Y. 2013)

28  ("Business trusts are more akin to business entities -- such as limited partnerships, LLCs, or even

2

corporations -- than to the traditional trusts"). "Unlike traditional trusts, a business trust may be treated as a separate entity," against whom judgment could be entered. *Portico*, 202 Cal. App. at 475.

The parties must explain whether Defendant SLM falls into the category of the business trust, and provide specific legal authority and factual evidence in support. The Court observes that the various SLM Private Education Loan Trusts have apparently filed over thirty cases in California, including the underlying *SLM v. Jimenez* complaint. *E.g.*, *SLM Private Educ. Loan Trust 2010-C v. Moran*, Case No. KC069475 (filed July 21, 2017); *SLM Private Educ. Loan Trust 2012-B v. Elliot*, Case No. RIC1712088 (filed June 27, 2017); *SLM Private Education Loan Trust 2011-C v. Mangyan*, Case No. BC665931 (filed June 21, 2017); *SLM Private Education Loan Trust 2011-A v. Alozie*, Case No. EC066498 (filed March 23, 2017). Moreover, in the underlying *SLM v. Jimenez* complaint, Defendant SLM did not name a trustee and described itself as "a corporation qualified to do business in California," which strongly suggests that Defendant SLM is a business trust that can both sue and be sued.[1] (Michel Decl., Exh. A, Dkt. No. 28-1.) This also suggests that Defendant SLM's argument that it may not sue or be sued in California is specious; Defendant SLM cannot have it both ways.

Defendant SLM is also apparently listed in Delaware's Department of State Division of Corporations as a statutory trust. (Michel Decl., Exh. C.) Several courts have found that statutory trusts formed under Delaware law are business trusts. *See also Thales Alenia Space France*, 989 F. Supp. 2d at 298 ("Delaware statutory trusts meet this Court's definition of a business trust"); *Dargahi v. Hymas*, No. 05 Civ. 8500(BSJ), 2008 WL 8586675, at *1 (S.D.N.Y. Oct. 15, 2008) ("Since 1988, Delaware law has provided by statute for the creation of the form of unincorporated association formerly known as a business trust, and now known as a statutory trust") (internal quotation omitted).

The Court also requires supplemental briefing on whether the Court should abstain from deciding the instant case, given the pending state action between the parties. Plaintiff's claims

---

[1] Many of the above-listed cases also do not name a trustee.

3

appear to be dependent on the resolution of the pending state action, as Plaintiff's claims are essentially defenses to the merits of Defendant SLM's claims in that pending action. For example, Plaintiff argues that Defendant SLM lacks standing to sue on the alleged debt, has sued for the wrong amount, and is barred from bringing the action due to co-signor disclosures violating the law. (Compl. ¶ 22.) Plaintiff also challenges the validity of the state claims raised in the underlying *SLM v. Jimenez* complaint. (Compl. ¶ 20.)[2] Many of Plaintiff's arguments in opposition to the motion to dismiss are also premised on discovery responses produced in the state court case. (Dkt. No. 29 at 4-5.) In light of the ongoing state action, the Court requires briefing on whether abstention should apply, including *Colorado River* abstention, a doctrine created by the Supreme Court to prevent duplicative litigation between state and federal courts. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *see also Krieger v. Atheros Commc'ns, Inc.*, 776 F. Supp. 2d 1053, 1057 (N.D. Cal. 2011) ("Under the *Colorado River* doctrine, a federal court may abstain from exercising its jurisdiction in favor of parallel state proceedings where doing so would serve the interests of wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation") (internal quotation omitted).

Both parties shall file the requested supplemental briefing, which shall be no more than ten pages, by **August 23, 2017**. The parties may then file a response to the other parties' supplemental briefing, which shall be no more than seven pages, by **August 30, 2017**.

IT IS SO ORDERED.

Dated: August 9, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[2] Many of these claims appear to have been raised as defenses in Plaintiff's answer to the *SLM v. Jimenez* complaint.

4